## Mahler v. Freeman, Appellant.

*Judgment—Striking off judgment—Parties—Members of unincorporated association—Lease.*

Where a judgment has been entered against the members of an unincorporated association naming them individually, under a warrant in a lease signed by two of the members only, one as president, and the other as secretary, the judgment will be stricken off as to the members who did not sign the lease, but will stand as to the two who signed.

Argued April 28, 1915. Appeal, No. 191, April T., 1915, by defendant, from order of C. P. Allegheny Co., Jan. T., 1915, No. 54, making absolute rule to open judgment in case of Walter A. Mahler v. Ralph Freeman, J. A. Rhodes, Fred. Fulgora, Jos. Dean, H. Brooks and John Sipe, representing themselves and others interested and known as the Moving Picture Operators' Protective

Union, Local No. 171, an unincorporated association. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEP-HART and TREXLER, JJ. Judgment modified.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order making the rule absolute to the extent of opening the judgment.

*John F. Gloeckner,* with him *Lee C. Beatty,* for appellants.—A judgment confessed by one partner in the firm name, though for a firm debt, is void against the others, but is good against the partner confessing it: Grier v. Hood, 25 Pa. 430; Ross v. Howell, 84 Pa. 129; McCleery v. Thompson, 130 Pa. 443; Franklin v. Morris, 154 Pa. 152; McNaughton's App., 101 Pa. 550; Adams v. Leeds, 195 Pa. 70.

The officers of an unincorporated association cannot bind the association by a confession of judgment: Crum's App., 66 Pa. 474.

The judgment should have been stricken off: Williams v. Notopolis, 247 Pa. 554; Lawrence v. Smith, 215 Pa. 534; Johnson v. Royal Insurance Co., 218 Pa. 423; O'Hara v. Baum, 82 Pa. 416; Breden v. Gilliland, 67 Pa. 34.

*J. Schutzman,* for appellee, filed no printed brief.

OPINION BY TREXLER, J., October 11, 1915:

The plaintiff entered judgment against Ralph Freeman, J. A. Rhodes, Fred. Fulgora, Jos. Dean, H. Brooks and John Sipe, representing themselves and others interested and known as Moving Picture Operators' Protective Association, Local 171, an unincorporated association. The judgment was entered by virtue of the provisions of a lease entered into between the plaintiff through his agent and the Moving Picture Operators' Protective Union, Local No. 171, which lease was signed,

Moving Picture Operators' Local 171 (Seal), Ralph C. Freeman, Pres. (Seal) ; Jos. Dean, Rec. Sec'y (Seal). Upon petition by the defendants to strike off the judgment, the court below made the following order, "Rule absolute to extent of opening judgment and letting defendants into a defense." Our inquiry must therefore be whether the judgment entered is void on its face as to all or any of the defendants. As to the parties signing the lease we think the judgment should stand. They signed as officers of an unincorporated association and as members and officers of it must be presumed to be bound by the lease the same as a partner confessing judgment in the firm name is bound thereby although the judgment is void as to the other partners: Adams v. Leeds Co., 195 Pa. 70. As to the parties who signed the lease the record presents no such irregularity or invalidity as would demand a striking off of the judgment. Whether they have a defense on the merits will be determined by the proceedings following the opening of the judgment. As to the parties not named in the lease we think the judgment should have been stricken off. There is nothing on the record to sustain the entry against them. If their liability is to be ascertained it must be in another proceeding. The entry of the judgment must be within the bounds set by the instrument by virtue of which it is entered.

There have been some objections urged as to the language of the lease being vague, uncertain and ambiguous. We find no difficulty in ascertaining the intention of the parties.

The order of the lower court opening the judgment is modified by striking off the judgment as to all the defendants except Ralph C. Freeman and Jos. Dean, representing themselves as the Moving Picture Operators' Local 171, an unincorporated association, as to them the order opening the judgment shall stand. The costs of this appeal to follow the final judgment.