## Schuey v. Kittanning Borough, Appellant.

*Workmen's compensation — Practice — Averment · of agency — Amendment.*

An answer by a defendant to a claim petition under the Workmen's Compensation Act, which is complete in itself, may be amended to establish the authority of the agent making the answer. The purpose of the legislature in passing the Workmen's Compensation Act was to simplify the procedure, by which disputes over compensation for injuries might be adjusted, between employer and employee. To bar an answer, complete as a defense on the merits, because of technicality, would not be in conformity with the language or the spirit of the act.

Where a defendant, by its agent and insurer, presented a good answer on the merits, sufficient to put the claimant to proof of the allegations of the petition, the findings of the referee and the workmen's compensation board, based on proper evidence will not be disturbed.

Argued April 18, 1919.    Appeal, No. 136, April T., 1918, from judgment of C. P. Armstrong Co., Sept. T., 1918, No. 61, reversing decision of Workmen's Compensation Board in the case of Joseph Schuey v. Kittanning Borough.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.    Reversed.

Appeal from judgment of common pleas reversing award under the Workmen's Compensation Act.    Before KING, P. J.

The referee found the claimant's injury was due to disease and refused an award.    On appeal to the workmen's compensation board this decision was affirmed. The claimant then appealed to the court of common pleas which reversed the ruling of the workmen's compensation board and awarded the claimant compensation to the amount of $772.50.    Defendant appealed.

*Error assigned* was the order of the court.

*D. H. McConnell*, for appellant.—The board had the right to permit the insurance company to amend and show its authority to act as agent for the defendant: Pennsylvania R. R. v. Bunnell, 81 Pa. 414; Joynes v. Pennsylvania R. R. Co., 234 Pa. 321; McArdle v. Pittsburgh R. R. Co., 41 Pa. Superior Ct. 162; Yerkes v. Richards, 153 Pa. 646.

*Harry C. Golden*, with him *E. O. Golden*, for appellee.

OPINION BY WILLIAMS, J., July 17, 1919:

This is an appeal from a judgment of the court of common pleas which reversed a decision of the workmen's compensation board, approving a disallowance of compensation by a referee.

Plaintiff, the claimant, filed a petition for compensation, November 22, 1916, averring inter alia, that on June 28, 1916, he was employed by defendant as a laborer, digging a sewer ditch; some dirt struck him in the right eye, causing total blindness in one eye and partial blindness in the other.

An answer was filed, denying the material averments of the petition, signed "Kittanning Borough By Hartford Accident & Indemnity Company per E. W. Langfitt, Attorney."

Claimant objected, at the hearing, to the taking of any testimony, because the paper filed, purporting to be an answer, did not show authority, on the part of the Hartford Company or Langfitt, to act for the borough, or that the company was the indemnitor. The referee made the following entry on his notes: "We will proceed with the hearing under the present status of the case, with the granting of the Hartford A. & I. Company the privilege to show that they are the insurance carrier for the Kittanning Borough, and, as such, are entitled to file said answer under the Workmen's Compensation Act of 1915."

The referee found claimant's injury was due to disease, and not to accidental causes, and refused an award; plaintiff appealed to the board, which affirmed the disallowance of compensation by the referee; he then appealed to the common pleas, on a question of law, to wit, the sufficiency of the answer to justify the admission of evidence; the common pleas reversed on that ground, but remitted the record for further hearing and disposition; defendant was permitted to amend its answer to show that the Hartford company was its insurance carrier; upon further hearing, the referee and the board, on appeal, again found against the claimant, who appealed a second time to the court of common pleas; that court, moved by the opinion of MESTREZAT, J., in Rakie v. Jefferson, etc., Co., 259 Pa. 534, determined that it should have entered judgment for the claimant on the first appeal, and, as there was nothing in the record at that time, to prevent it, and all proceedings subsequent thereto were without effect, entered judgment for the claimant.

We think the court below erred in holding the answer insufficient to stop summary judgment. The purpose of the legislature in passing the Workmen's Compensation Act was to simplify the procedure by which disputes over compensation for injuries might be adjusted between employer and employee: see McCauley v. Imperial Woolen Co. et al., 261 Pa. 312, and to bar an answer, complete as a defense on the merits, because of the technicality here urged, would not be in conformity with the language or spirit of the act. It is not practical to require those who answer as agents to enter into a long dissertation, setting forth powers of attorney, etc., such as counsel for claimant think necessary; this would carry the most advanced remedial statute we have, back to the days of special pleading.

Bolden v. Greer et al., 257 Pa. 513, correctly states the law, but we do not think it controls this case; there a stranger to the record sought to appeal from an award; naturally the Supreme Court enforced the rule that such

an one had no right to appeal; here the proper defendant answered by its agent, the agency was questioned, and it became necessary to establish it, not to prevent summary judgment, but to sustain a disallowance of compensation; the court, therefore, properly returned the record to the board that this fact might be shown. The record was not complete when before the court below on the first appeal, but upon its return to the board the Hartford company filed an amended answer setting forth the authority to defend the suit.

We may find an analogy in the affidavit of defense practice, where a clerk has no right to enter an office judgment for want of an affidavit of defense, if a paper, purporting to be an affidavit of defense has been filed; should the plaintiff, under such circumstances, wish to question the sufficiency of the answer, he does so by rule, and the court may then permit an amendment to aid in arriving at the merits of the controversy.

The Workmen's Compensation Act provides no method of settling a controversy such as is here involved, and general principles must be applied. Section 413 provides that "whenever a claim petition shall be presented to the board, the bureau shall promptly assign it to a referee for hearing and determination. The bureau shall forthwith notify such referee that the petition has been assigned to him, and shall serve upon each adverse party in interest a certified copy of the petition and a notice that unless an answer shall within seven days be filed with the referee to whom the petition has been assigned (giving his name and address) the allegations of the petition shall be deemed to be admitted." Section 415, provides that "whenever all adverse parties in interest have concurred in an answer, all facts not denied shall be admitted, and no testimony shall be required from the petitioner or petitioners, or heard on behalf of the adverse parties upon any fact not controverted in such answer." These sections are all we have to indicate the im-

mediate intent of the legislature with regard to form, substance and sufficiency of the answer to be filed.

Section 413 does not apply to the present case; appellant, by its agent and insurer, presented a good answer on the merits, sufficient to put a claimant to proof of the allegations of the petition.

The judgment of the court of common pleas is reversed, and the record remitted to that court with direction to affirm the decision of the workmen's compensation board.