## O'Brien v. Tuch et al., Appellants.

*Workmen's compensation—Form of proceedings—Answer signed and sworn to by attorney—Rules and regulations of board—Appeals—Question not raised below.*

1. Under the Workmen's Compensation Act the Workmen's Compensation Board is chargeable with the duty of prescribing the form of the answer in proceedings pending before it.

2. The courts cannot declare insufficient an answer signed and sworn to by an attorney of the party answering, if the board accepts it as satisfactory.

3. A party cannot be heard to challenge on appeal the form of an answer, unless he specifically asserted at or before the trial that the answer was not according to the rules and regulations of the board, and asked a ruling thereon.

Argued September 30, 1919. Appeal, No. 46, Oct. T., 1919, by defendants, from order of C. P. Armstrong Co., June T., 1918, No. 101, reversing decision of Workmen's Compensation Board disallowing referee's award. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board disallowing referee's award.

The court reversed the decision of the board. Plaintiff appealed.

*Error assigned* was order reversing the decision of the board.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell* and *Frank P. Martin,* for appellant.

*Harry C. Golden,* with him *E. O. Golden,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:

Plaintiff, an employee of defendants, was injured while in their service; he presented his petition to the Workmen's Compensation Board and an answer thereto was filed in the name of the defendants "By Frank P. Martin"; the case was assigned to a referee who took the testimony of both parties and decided in favor of defendants; plaintiff appealed to the board alleging errors both of law and fact but not asking a hearing de novo; the board heard argument and dismissed the appeal; whereupon plaintiff appealed to the court of common pleas, which reversed the board and made an award in his favor. From that judgment defendants prosecute this appeal.

The only reasons given by the court below for reversing the judgment of the board were that the record, as filed in the common pleas, did not disclose who Frank P. Martin was, or his authority to act for defendants; and therefore, as a matter of law, it should have been disregarded by the board, the facts averred in the petition taken as admitted under section 413 of the act, and a judgment entered for plaintiff because of those facts. As authority for its conclusion it relied upon one of its prior decisions: Schuey v. Kittanning Borough, 26 Dist. Rep. 1089, since rightly reversed: 72 Pa. Superior Ct. 582. Moreover, the first of said objections is answered by the fact that the certified docket entries of the board, forming a part of the transcript of the record filed in the court below, did show that Frank P. Martin was one of the counsel for defendants; and the second

is answered by the statute itself, which does not require answers to be signed and sworn to by defendants, but, under section 414 thereof, only need be "in the form prescribed by the rules and regulations of the board." Presumptively this answer was in accordance therewith, inasmuch as the record is barren of any averment to the contrary, and the board accepted it as satisfactory. If plaintiff wished to have the question as to whether or not it was in the form so prescribed, he should have explicitly averred it was not, and, before going to trial, should have asked the referee to so decide; and he should have had both of these matters entered of record. In no paper on file, however, does it appear the question was either raised or decided. The utmost plaintiff claims is that he objected to the answer because it was not signed and sworn to by defendants. This, as above shown, is not required.

Bolden v. Greer, 257 Pa. 513, relied on by the court below and by appellee, has no bearing on the present question for the reasons pointed out by the Superior Court in Schuey v. Kittanning Borough, supra. We also agree with the conclusion in the latter case, that the answer need not set forth the authority of the person signing it, where, as here, he purports to act for defendants, and the answer is accepted by the referee and board as their answer; not, however, because the statute is remedial and intended to simplify procedure, though doubtless the board has given full consideration thereto, but because the legislature, by section 414 of the act, has wisely left this matter to be regulated by the board itself.

The judgment of the court below is reversed, and the award of the Workmen's Compensation Board is reinstated and affirmed.