## Helitski *v.* Glen Alden Coal Company, Appellant.

*Workmen's Compensation—Total disability—Disfigurement—Sections 306-a and 306-c.*

An employee who has received the maximum compensation for a period of 16 weeks for total disability under section 306-a, is not entitled to additional compensation for a period of 8 weeks for disfigurement, under section 306-c.

Argued March 5, 1928. Appeal No. 9, February T., 1928, by defendant from judgment of C. P., Luzerne

County, October T., 1925, No. 595, in the case of Walter Helitski v. Glen Alden Coal Company. Before Henderson, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before Fuller, P. J.

The court sustained the award. Defendant appealed.

*Error assigned,* was the order of the court.

*Evan C. Jones,* and with him *Elmer D. Adair* and *J. H. Oliver,* for appellee.

*Roger J. Dever,* for appellee.

Opinion by Linn, J., April 16, 1928:

Claimant was burned about the arms, hands and face July 20, 1923, and was totally disabled until November 25, 1923, when he returned to his original work. Under a compensation agreement he received compensation at the maximum weekly rate for total disability under section 306-a of the Workmen's Compensation Act for 16-6/7 weeks (July 30th to November 25th), the board specifically terminating the agreement as of November 25th. In terminating the agreement the board awarded him 8 weeks compensation at the same weekly rate under 306-c for disfigurement.

Appellant contests the liability to pay the disfigurement award, on the ground that the eight weeks period was included in the time—July to November—for which total disability at the maximum rate was paid.

Under 306-d compensation is payable after the tenth day except as to clause (e) not here involved. In Olinsky v. Lehigh Valley Coal Co., this day decided, we followed the cases holding that the statute does not provide that compensation payable under 306-c shall be

added to that payable for total disability under 306-a. The disfigurement award for 8 weeks began July 30th at the same time that the award for total disability became payable, and it expired before the expiration of the period of total disability for which the maximum weekly compensation was paid. This judgment must therefore be reversed on the authority of the cases referred to in Olinsky v. Coal Co., supra.

Judgment reversed.