## Walsh v. Glen Alden Coal Company, Appellant.

Argued March 3, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALD-
RIGE and GRAFF, JJ.

*J. H. Oliver,* and with him *Franklin B. Gelder,* for appellant, cited: Commonwealth v. Supansic, 93 Pa.

Superior Ct. 111; Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441.

*E. C. Marianelli,* and with him *Herman Goldberg,* for appellee, cited: Windber Brewing Co. No. 2's License, 54 Pa. Superior Ct. 287; Murphy v. Penna. R. R. Co., 292 Pa. 217.

OPINION BY LINN, J., May 1, 1930:

Appellant contends that the award of compensation for a period of seventy-five weeks for facial disfigurement, under section 306-c of the Compensation Act as amended May 20, 1921, P. L. 966, is excessive.

Claimant was injured December 13, 1926, suffering a fracture of the left femur and contused laceration of the left side of his face. Permanent facial discoloration below the left eye and about the eyelid resulted. He was eighteen years of age at the time. A compensation agreement providing for payment for total disability (beginning December 23, 1926) was made and approved; the disability resulting from the broken leg terminated June 29, 1927, and, in due course, a final receipt was executed. Up to that time the disfigurement seems to have been overlooked in the settlement.

In July he filed a petition for review of the agreement, claiming additional compensation for disfigurement. Appellant filed an answer denying the right to further payment. After taking evidence, the referee found that the discoloration "is a serious and permanent disfigurement of claimant's face of such a character as to produce an unsightly appearance and such as is not usually incident to the employment." He set aside the final receipt, modified the agreement, awarded compensation for disfigurement at the rate of $7.12 a week for a period of seventy-five weeks, the employer to be credited with the compensation paid for the disability that terminated on June 29, pursuant to the rule considered in Helitski v. Coal Company, 93

Pa. Superior Ct. 225. This award was affirmed by the board, and on appeal, by the common pleas.

Section 306 has been considered in many cases, among them, Lente v. Lucci, 275 Pa. 217; Simon v. Maryland, etc. Company, 276 Pa. 473; Sustar v. Penn Smokeless Coal Company, 85 Pa. Superior Ct. 531, 285 Pa. 395; Vonot v. Coal Company, 285 Pa. 385; Baffi v. Lehigh Valley Coal Company, 87 Pa. Superior Ct. 579; Olinsky v. Lehigh Valley Coal Co., 93 Ib. 221; Rocco v. Coal Co., 93 Ib. 224; Helitski v. Coal Company, 93 Ib. 225; Ludington v. Coal Company, 90 Ib. 318. The paragraph of section 306-c, immediately applicable, provides that compensation may be awarded "for serious and permanent disfigurement of the head and face of such a character as to produce an unsightly appearance and such as is not usually incident to the employment sixty-five per centum of wages not to exceed one hundred and fifty weeks."

The finding of facts, quoted above, is in the words of the statute. Appellant makes no complaint of those findings, but insists that the period of the award for disfigurement—seventy-five weeks—is excessive; that the length of the period, considered in the light of the evidence, indicates abuse of the power vested by the statute to fix the amount of compensation by specifying the number of weeks during which it shall be paid.

The statute requires the compensation authorities to find the facts, and requires the court to accept them, if supported by evidence: Slemba v. Hamilton, 290 Pa. 267. As the facts specified as prerequisite for relief under section 306-c have been found on evidence that is not questioned, our inquiry is—does the statute authorize the compensation awarded. The legislature authorized an award appropriate to the disfigurement and limited the amount to sixty-five per cent of claimant's wages for a period not to exceed one hundred and fifty weeks. In Simon v. Maryland Co., supra, it was held that the act does not require an award

for one hundred and fifty weeks, as had been thought below both by the board and the common pleas, but only for such period as the evidence justified though "not to exceed one hundred and fifty weeks," and for that error in construing the statute the record was remitted that an award might be made in the light of the correct construction of the statute stated in the opinion. In Sustar v. Coal Company, supra, the referee's award of one hundred and fifty weeks for disfigurement was reduced to seventy-five weeks by the board and was taken away altogether by the court below; on appeal, it was restored. In Baffi v. Coal Company, supra, there was an agreement to pay five thousand dollars for total disability resulting from the loss of both eyes, and it was held, as that sum was the maximum authorized to be awarded for compensation by the statute, no additional award could be made for disfigurement.

The award must be such as the evidence of disfigurement justifies, and the duty of measuring, or determining from the evidence, the "extent of the injury,"—to borrow a phrase from Simon v. Maryland Battery Company, supra,—is imposed on the referee, or on the board on appeal from the referee; it is finding a fact, as much so as a finding of dependency (Hallman v. Starr Printing Company, 70 Pa. Superior Ct. 562; Morris v. Yough Coal Company, 266 Pa. 216), or whether disability ceased, or recurred (Ancello v. Tanning Company, 88 Pa. Superior Ct. 353, Kerfonte v. Coal Company, 94 Pa. Superior Ct. 19), or whether total or partial disability exists—i. e. the extent of incapacity,—(Gairt v. Mining Company, 272 Pa. 494; Berskis v. Lehigh Valley Coal Company, 273 Pa. 243) ; or whether death resulted from an injury sustained in the course of employment (Slemba v. Hamilton, supra), and, when so found, is a fact that must be accepted by the court.

Appellant contends that the determination of the

total amount of such an award is the exercise of discretion by the referee or the board, and as such, is reviewable here by the application of the same rules that govern the review of the exercise of discretion in judicial proceedings. But this contention cannot be adopted; it has been repeatedly said that the proceedings provided by the Workmen's Compensation Act to be conducted before the referee or board are not judicial proceedings. In Gairt v. Curry Coal Mining Company, supra, it was said: "The fundamental error of appellants lies in their idea that a proceeding under the Workmen's Compensation Law is 'litigation,' and that established rules and principles of common law practice should be applied thereto; whereas the fact is quite the contrary. Although the arrangement inaugurated by the Act of June 2, 1915, P. L. 735, to pay standardized compensation in cases of injury or death, rests on the theory of contract between employer and employee (Anderson v. Carnegie Steel Co., 255 Pa. 33, 39, 40), yet, in administering this plan, those vested with authority act for the State, in its capacity of parens patriae ......" See, also, 28 R. C. L. 824-826.

The rules governing the review of the judicial discretion exercised by a trial court in granting or refusing a new trial, in sustaining or rejecting a verdict said to be excessive, or in opening or refusing to open a judgment, and in other familiar instances, are peculiarly inherent in the conduct of litigation and largely of procedural origin, and their application to the administrative work of the compensation authorities would be inconsistent with the remedial character and purposes of the compensation statute, as indicated by its provisions. We therefore conclude that when the compensation authorities on competent evidence find facts showing disfigurement of the head or face within the amendment, section 306-c, and measure the extent of that injury by valuing or appraising it in terms of weekly compensation within the maximum, that such

determination is a finding of fact, and the amount so awarded, is therefore not subject to review by the court.

Appellant also relies on the words "subject to review" in the following quotation from Simon v. Maryland Battery Company, supra: "This supplementary legislation, [306-c as amended] somewhat confusing in its terms, makes affirmative findings in three respects necessary, before the claimant may receive an award thereunder. The disfigurement must be serious and permanent, of a character to produce an unsightly appearance, and an injury not usually incident to the employment. The presence of these conditions must be shown, in each case, to come within its terms, and are matters properly for the determination of the referee on the evidence produced, subject to review." The words "subject to review" are clearly limited to the three elements of disfigurement referred to in the statute, and were not intended to mean that the amount awarded was subject to revision on appeal to the court.

While an order was made by the court below for the entry of judgment for claimant, it does not appear that judgment was entered "for the total amount stated by the award or order to be payable whether then due and accrued or payable in future installments," as required by the Act of 1919, P. L. 666, Sec. 427; Miller v. Coal Company, 77 Pa. Superior Ct. 51; Sustar v. Coal Company, supra; if that has not been done, such judgment shall be entered, and, so entered, is affirmed.

CONCURRING OPINION BY KELLER, J.:

I concur in the judgment. In my opinion the award of the referee, approved by the board, fixing the duration of compensation for disfigurement of the head or face, under section 306-c, as amended, is not subject to review by the courts except for clear error, which is not here apparent.