## ARTER v. SOUTHERN SURETY CO. et al.

### No. 3864.

Court of Civil Appeals of Texas. Texarkana.
June 20, 1930.

Rehearing Denied June 26, 1930.

848

when he overruled the plea and exceptions questioning the jurisdiction of said court to hear and determine appellees' appeal from the award of the Industrial Accident Board. One ground of the contention, and the only one we have considered, is that it appeared no notice of such an appeal was given by the appellee Southern Surety Company, and that the notice given by the Southern Surety Company of New York was ineffective because it appeared it was not an "interested party" within the meaning of the statute.

By the terms of the Workmen's Compensation Law (articles 8306–8309, R. S. 1925), no one other than an "interested party" can maintain a suit to set aside a final ruling or decision of said board; and it is indispensable to the right of such a party to maintain such a suit that within 20 days after the rendition of such a ruling or decision he shall have filed with said board notice of his intention not to abide by such ruling. Section 5 of article 8307, R. S. 1925; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Harris v. Ins. Ass'n (Tex. Civ. App.) 257 S. W. 998; Assurance Corporation v. La Fair (Tex. Civ. App.) 294 S. W. 247.

It will be noted, on referring to the statement above, that the award of the board was against the Southern Surety Company alone, and that while it signed with the Southern Surety Company of New York the notice to the board, it did not therein express an unwillingness to abide by the ruling or decision nor indicate an intention on its part to prosecute an appeal therefrom.

We think it is plain, therefore, that the power of the court to entertain the appeal cannot be predicated on notice by the Southern Surety Company, for it gave none; and must be predicated, if it possessed such power, on the notice alone given by the Southern Surety Company of New York.

Whether the notice by that company conferred such power depends upon whether it was an "interested party" within the meaning of the statute. That it was not a party to the proceedings before the Industrial Accident Board resulting in the ruling and decision in question conclusively appeared. It is plain, therefore, if the term "interested party" used in the statute meant a party to the proceedings before the board, that the notice of an appeal necessary to confer jurisdiction on the court below was never given.

Wm. V. Brown, of Texarkana, and Tomas G. Pollard, of Tyler, for appellant.

Horace C. Bishop, of Dallas, and Gentry & Gray, of Tyler, for appellees.

WILLSON, C. J. (after stating the case as above).

The contention first presented in appellant's brief is that the court below erred

On the other hand, if that term meant a party interested in the result of the proceedings before the board, it is just as plain that the court below had jurisdiction of the suit so far as it was by the Southern Surety Company of New York; for at the trial it was agreed that before the injury to appellant and "at the time (quoting) the award was made in this case against Southern Surety Company the Southern Surety Company of

New York had already taken over and reinsured the insurance in this cause and all other compensation business theretofore written by the Southern Surety Company, and said Southern Surety Company of New York had taken over the reserves theretofore set aside by the Southern Surety Company for said claims and had assumed the liability on said claims, and that said action on the part of said companies was presented to and approved by the Commissioner of Insurance of the State of Texas."

When the whole of section 5 of article 5307 of the statutes, and especially the part thereof which provides that "if [quoting] any *party to any such final ruling and decision of the board* [italics ours], after having given notice as above provided, fails," etc., is considered, we think it clear enough that when the lawmakers used the term "interested party," in question here, they had in mind a party to the proceedings before the board, and not a stranger to such proceedings who happened to be interested in the result thereof by force merely (as the Southern Surety Company of New York was) of a contract entered into between him and a party to the proceedings. 3 C. J. 616 et seq.; Bolden v. Greer, 257 Pa. 513, 101 A. 816.

■ On the theory that the court below did not acquire jurisdiction of appellees' suit, appellant in his pleadings, after setting out the award of the accident board in his favor against the Southern Surety Company, charged that it had "failed to comply with the terms and provisions" of said award, and prayed that he have judgment maturing same "for the full period of 401 weeks at $12.12 per week, totaling $4,860.12, with 12% penalty amounting to $583.21 and reasonable attorney's fees," alleged to be the sum of $1,500.

The contention made here by appellant that it was error to refuse him such relief is overruled.

While the board determined that the injury appellant sustained "totally incapacitated him for the performance of labor," it did not determine either that such incapacity was permanent or that it would continue as long as 401 weeks. It in effect determined to the contrary when it found, as is shown in the statement above, that appellant's incapacity would continue for an indefinite period.

To mature the award as prayed for by appellant, this court would have to say, contrary to the conclusion of the board, that his total incapacity to labor would continue as long as 401 weeks from the time he suffered the injury.

The judgment will be reversed, and judgment dismissing appellees' suit will be rendered here.