## Strovinsky v. The Lytle Coal Company.

*Roger J. Dever*, for claimant; *Harry A. Gordon*, for defendant.

HICKS, J., October 27, 1930.—This case, involving compensation for disfigurement, and three others of a like nature were argued together; the

instant case was selected for the purposes of appellant's argument for the "reason that it is entirely free from complications so far as procedure and the taking of testimony is concerned, and permits" it "to present to the court" its "contention in a clear-cut manner" as stated in its brief.

The facts of the accident and injury are admitted. On February 22, 1930, the claimant was accidentally injured while in the employ of the defendant company. His right ear was contused and lacerated from a flying piece of coal. The referee in his third finding of fact, in part, stated as follows: ". . . that as the result of the injury claimant suffered no compensable period of disability but sustained the following described disfigurement: 'Has a mark on the right ear, right auricle, blue in color, three-quarters of an inch long and one-quarter inch in width.'" The fourth finding reads: "We find that this disfigurement of the head or face is serious and permanent, of such a character as to produce an unsightly appearance and such as is not usually incident to the claimant's employment." The disfigurement was described under oath for the record by a physician called by the claimant, and he also testified that the scar was unsightly and permanent. The claimant, as a witness, testified as to the accident and resultant injury. After the hearing, the referee awarded five weeks' compensation at fifteen dollars per week, total seventy-five dollars, for the disfigurement, which, on appeal, was affirmed by the Workmen's Compensation Board.

No exception is taken by the appellant to the findings of fact referred to, and it admits, in its written brief, that the description of the marks and scars on claimant's head and face as contained in the record and the view, inspection and examination of the claimant, made by the referee at the hearing, were pertinent and competent to assist him in determining the seriousness, unsightliness and permanency of the marks or scars. Objection, however, is made to the award. It contends "that the claimant failed to produce before the referee or the Workmen's Compensation Board any legal, competent evidence from which the referee or the board could determine the extent of the injury measured in terms of weeks under the Compensation Act, and thus make the award" of $75. In other words, it is argued that the referee had no competent evidence by which to measure the extent of the injury in terms of weeks because there was nothing before him except a description of the size, color and location of a scar, unsightly in appearance, and the person of the disfigured claimant himself.

The award was made in pursuance of the Act of April 13, 1927, P. L. 186, section 306 (c), amendatory of the Act of May 20, 1921, P. L. 966, which amended the Act of June 2, 1915, P. L. 736. Section 306 (c), in its applicable paragraph, provides that compensation may be awarded: "For serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment *sixty-five* percentum of wages not to exceed one hundred and fifty weeks." Since the facts specified as prerequisites to relief under section 306 (c) have been found on evidence that is not questioned and the extent of the injury has been valued and appraised by the compensation authorities in terms of weekly compensation within the legislatively defined maximum, we have very grave doubt as to our right to review the amount so awarded under the authority of Walsh v. Glen Alden Coal Co., 99 Pa. Superior Ct. 58, 62, 63, 64. "The words 'subject to review' are clearly limited to the three elements of disfigurement referred to in the statute, and were not intended to mean that the amount awarded was subject to revision on appeal to the court:" Walsh v. Glen Alden Coal Co., *supra*, p. 64. But we do not wish to rest our

decision in the case upon this ground, since so much importance was attached to the question upon the argument by the appellant.

If evidence is furnished which justifies a finding that the claimant suffered from a serious and permanent disfigurement of the face of such a character as to produce an unsightly appearance—and such evidence was admittedly produced—then the referee concludes what, in his opinion, in terms of weeks, will compensate him. The length of time is made dependent "on the extent of the injury," and the referee and the board must determine the "extent of the harm done:" Simon v. Maryland Battery Service Co. et al., 276 Pa. 473; Sustar v. Penn Smokeless Coal Co., 85 Pa. Superior Ct. 531. "The award must be such as the evidence of disfigurement justifies, and the duty of measuring, or determining from the evidence, the 'extent of the injury,'—to borrow a phrase from Simon v. Maryland Battery Company, supra,—is imposed on the referee, or on the board on appeal from the referee; it is finding a fact . . . and, when so found, is a fact that must be accepted by the court:" Walsh v. Glen Alden Coal Co., supra, p. 62. In this last-mentioned case, at the bottom of page 63, the Superior Court declares that the extent of the injury of disfigurement of the head or face is measured "by valuing or appraising it in terms of weekly compensation within the maximum." This valuation or appraisal must be made by the referee or board on appeal, taking into account whether the disfigurement is small or great, slight or extensive, and whether its character is so grave or so serious as to warrant an award to the claimant for the maximum period or whether a less period is proportionately indicated. And, too, the valuation or appraisal must be made from the evidence.

The claimant appeared as a witness and the referee saw him, "viewed," "inspected" and "examined" him in the language of the appellant. Was this exhibit of the disfigured head and face of the claimant competent evidence? It was a species of real evidence. To us, there seems to be no better way to show "the extent of the injury," thereby aiding in the estimate or appraisal of the number of weeks for which compensation should be allowed.

The extent of the injury depends entirely upon the degree of its seriousness and unsightliness, its location, characteristics and extensiveness and such like; nothing but its size, color or location can be adequately described and only an inspection or view will present the true picture. The appellant has no suggestion as to how he would prove the extent of the injury other than through description and inspection, and we are unaware of any other way. There are only three channels through which a tribunal of fact receives evidence, and they are inspection, documents and witnesses. A witness may describe the size, color and location of a scar; he can express his opinion whether he thinks it is unsightly in appearance and serious, but it is not his conclusion, but that of the referee or board which, under the law, is required. Besides, the referee, or the board on appeal, is the administrative officer to whom the law has referred this duty of appraising a scar or disfigurement. It would not be competent for a witness to testify to a valuation or appraisal of so many weeks for the scar as it appears unsightly and serious to him. Physical pain and suffering are measured and compensated for in money by jurors in personal injury cases without any standard except that their estimate must be made in a fair and reasonable manner, and to this end they may consider the length of the plaintiff's suffering, the nature of the injury, his age, health, habits and pursuits, and this applies as well to the past as to the future.

We conclude that an inspection of the scar or disfigurement by the referee, together with a description of it placed upon the record, is competent evidence

to show the extent of it and to form the basis of the referee's valuation or appraisal of it in terms of weekly compensation within the maximum: Rickert *v.* Susquehanna Collieries Co., 27 Schuylkill L. R. 285. Having seen the disfigured head and face and knowing from the evidence its size, location and color, as in this case, the referee had before him the very best evidence that the nature of the case would permit to enable him to measure the extent of the injury and what compensation in terms of weeks was reasonable, right and proper within the maximum period.

The appellant argues that "it is the law that a fact-finding tribunal may not resort to knowledge or examination acquired by view of a person, land or object as substantive evidence from which to make a material finding or upon which to rest award or judgment" and cites several cases. It was this legal principle which the referee violated, it urges, "when he resorted to a view and examination of the scars and marks on claimant's face and head to determine and fix . . . the number of weeks' compensation . . . and for the reasons set forth defendant contends that the award . . . is not supported by legal, competent evidence. . . ." This same argument was presented in this court in the case of Rickert *v.* Susquehanna Collieries Co., *supra*, without success. The cases of Wadsworth *v.* Manufacturer's Water Co., 256 Pa. 106, 119, Roberts *v.* Philadelphia, 239 Pa. 339, and Flowers *v.* Baltimore & Phila. R. R., 132 Pa. 524, cited by appellant, are cases of appeal from awards of viewers and support the familiar principle that the jury may resort to the knowledge acquired by a view of the premises only for the purposes of understanding the testimony of the witnesses and of determining the relative weight of conflicting testimony as to the value of the property. In re Franklin Film Mfg. Corp., 253 Pa. 422, 426, 427, was an appeal from the order of the State Board of Censors under the Act of May 15, 1915, P. L. 534, section 26. In that case it was held that the common pleas court may view eliminated pictures when necessary in order properly to comprehend the matter before them; but such inspection should never be resorted to unless, in their opinion, the ordinary methods of proof are inadequate. The appellant also cited Com. *v.* Melinkoff, 61 Pa. Superior Ct. 238. It was an assault and battery case. The prosecutor had testified that the defendant had cut him in the face, resulting in the scar which was identified and exhibited to the jury. It was shown that prosecutor was a pugilist and it was urged by the defendant that the scar came from a blow with a fist. In summing up to the jury, the district attorney showed the scar on the prosecutor's face to the jury. The Superior Court held this proper, since the scar was in evidence, to assist the jury in determining whether it was the result of a cutting or a fist. None of these cases are applicable here. It must be remembered that the Workmen's Compensation Board is not a court and a proceeding under the act creating it is not "litigation," to which established rules and principles of common-law practice are applicable: Manley *v.* Lycoming Motors Corp., etc., 83 Pa. Superior Ct. 173, 174. "Section 422 of the Act of 1919 provides that neither the board nor the referee 'shall be bound by the technical rules of evidence in conducting any hearing or investigation,' but it is added that 'all findings of fact shall be based only upon competent evidence' . . . it was said that 'rules of evidence are not applied in these cases with the same rigor as in litigation before a jury. . . . A strict or unduly technical application of the rules of evidence would at times defeat the chief purposes of the act,—which are to give compensation to employees injured by accidents in the course of their employment and to provide an administrative tribunal, less formal than a court, where such claims can be proved in as simple and direct a manner as is consistent with justice

to both sides and a proper administration of the compensation law:'" Jones *v.* United Iron and Metal Co., 99 Pa. Superior Ct. 394, 403.

And now, October 27, 1930, the exceptions and appeal are dismissed, the award of the Workmen's Compensation Board is affirmed and judgment is directed to be entered in favor of the claimant and against the defendant in the sum of $75.

From M. M. Burke, Shenandoah, Pa.