Pavik *v.* Glen Alden Coal Company, Appellant.

Argued March 7, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

This is a workmen's compensation case involving disfigurement. Claimant, in the course of his employment on June 6, 1936, was struck in the mouth by a rail causing the loss of seven teeth, six of which were on a bridge and one natural tooth. Compensation for disability was not asked. The only question involved is whether the referee's award for disfigurement, under section 306(c) of the Workmen's Compensation Act of 1915, as last amended by the Act of April 13, 1927, P. L. 186, §1, 77 PS §513, was proper.

After the first hearing the referee found, inter alia, as follows: "4. We find that Claimant has sustained disfigurement of the face of such a character as to produce an unsightly appearance and such as is not usually incident to the claimant's employment." Accordingly, he awarded compensation for ten weeks at $15 per week, which was affirmed by the Workmen's Compensation Board. Defendant then appealed to the court below, and while that appeal was pending petitioned the board for a rehearing, averring that the seven teeth had been replaced since the first hearing, and that consequently claimant had not suffered such serious and permanent disfigurement as would entitle him to an award for disfigurement under the section of the statute above cited. A rehearing was granted, pursuant to which the referee found as follows:

"4. On February 24, 1937, we made an award for compensation for ten weeks for facial disfigurement on account of the loss of six teeth on a bridge and one of his natural teeth. Defendant took an appeal and asked for a rehearing because of the fact that Claimant had his teeth replaced after our first hearing.

"5. We find that Claimant has sustained facial disfigurement as a result of this accident. We are of the opinion that the disfigurement in this case has not been

removed by dental bridge work any more than disfigurement would be removed in the case of a person who lost an ear and substituted an artificial ear or in the case of a young lady who by the application of cosmetics reduces the unsightly condition of a scar; neither of these things or the bridge work are part of the human body and must be replaced or renewed at intervals. We therefore find as a fact that the disfigurement still remains in this case. Claimant had this bridge work done at his own expense."

The referee made the same award as before. Defendant appealed unsuccessfully to the board and to the court below. From the judgment entered accordingly, defendant took this appeal.

It is difficult to understand why this case should still be pending almost four years after the occurrence of the accident, even though much of the delay is accounted for by the fact that, although defendant's second appeal to the Workmen's Compensation Board was heard by that body on June 30, 1938, its opinion was not filed until August 23, 1939, nearly fourteen months later. Although two hearings were held the record does not even now disclose the location of the natural tooth which claimant lost.

The statutory provision for disfigurement "makes affirmative findings in three respects necessary, before the claimant may receive an award thereunder. The disfigurement must be serious and permanent, of a character to produce an unsightly appearance, and an injury not usually incident to the employment. The presence of these conditions must be shown, in each case, to come within its terms, and are matters properly for the determination of the referee on the evidence produced, subject to review": *Simon v. Maryland Battery Service Co. et al.*, 276 Pa. 473, at pages 475, 476, 120 A. 469, at page 470. To the same effect is *Muchnick*

*v. Susquehanna Waist Co. et al.,* 124 Pa. Superior Ct. 194, 188 A. 413.

In *Walsh v. Glen Alden Coal Co.,* 99 Pa. Superior Ct. 58, at page 64, it was said: "The words 'subject to review' are clearly limited to the three elements of disfigurement referred to in the statute, and were not intended to mean that the amount awarded was subject to revision on appeal to the court." Writing the opinion for this court in *Muchnick v. Suquehanna Waist Co. et al.,* supra, Judge PARKER added after the words "subject to review" (at page 197) the words "for errors of law." In *Madajewski v. Susquehanna Collieries Co.,* 135 Pa. Superior Ct. 181, at page 183, 4 A. 2d 809, at page 810, Judge BALDRIGE, speaking for this court, said: "In so far as we are concerned, if there is competent evidence ...... to sustain the findings of the referee and the board, we must accept them, as the duty of determining the question of disfigurement and the compensation to be awarded therefor, within the limitation of the statute, is imposed upon the compensation authorities, not upon us: *Walsh v. Glen Alden Coal Co.,* 99 Pa. Superior Ct. 58, 62." It is our duty, in reviewing cases such as the one at bar, to ascertain whether the required findings have been made, and whether those findings are supported by competent evidence. An examination of the instant case reveals not only that the findings said to be essential in *Simon v. Maryland Battery Service Co. et al.,* supra, are lacking, but also that there is no competent evidence from which such findings could have been made from the meager testimony produced. While it may be conceded that the loss of a tooth is permanent, and in the ordinary case not usually incident to the employment, yet whether it is serious and of such character as to produce an unsightly appearance depends on the facts of the particular case. At no time did the referee or the board in the present case make a finding that claimant's disfigurement was

serious or permanent, although, as has been said, it may be conceded that the latter characteristic always exists in a case where a tooth has been lost by an adult. In finding of fact No. 4, made after the first hearing, it is said that the disfigurement was such "as to produce an unsightly appearance," but this finding was entirely omitted from the findings made by the referee after the second hearing, all of those material to the present question being embraced in finding of fact No. 5, which followed the second hearing. If the latter finding is the only one that is properly before this court upon this appeal, then the award is left unsupported by any finding which the Simon and Muchnick cases declared to be necessary. Furthermore, there is not a shred of evidence to indicate the location of the natural tooth which claimant lost. Although the loss of any natural tooth may be said to constitute a disfigurement, in that a portion of the body is missing, still the loss of a natural tooth does not, per se, constitute the disfigurement contemplated by the Workmen's Compensation Act, supra. In *Muchnick v. Susquehanna Waist Co. et al.,* supra (p. 199), we referred to the fact that "the previous appearance of the teeth as a whole as part of the head and face is a matter that is proper for the fact finding body to consider, and situations may arise where the loss of a front tooth might not be so serious as to create an unsightly appearance." The Muchnick case involved the loss of a front tooth, and it was there said (p. 199) : "The loss of front teeth has always been regarded as a serious matter." The case of *John E. Mabee, Inc., et al. v. Anthony et al.,* 155 Okla. 35, 8 P. 2d 22, 80 A.L.R. 968, and the cases cited in the annotation appended thereto, at page 979, to which reference is made in the Muchnick case, involve the loss of front teeth.

The award here is based upon the loss of the artificial teeth and the natural tooth. The loss of artificial

teeth alone does not constitute a disfigurement within the meaning of the compensation act, supra. Such disfigurement as is comprehended by that act has already occurred when the natural teeth are first replaced with artificial teeth. A different rule would permit successive payments for the same disfigurement whenever the artificial teeth might be destroyed or lost. Furthermore, the reasoning underlying awards for disfigurement caused by the loss of teeth would not support awards for disfigurement caused by the loss of only false teeth. See *Muchnick v. Susquehanna Waist Co. et al.*, supra, p. 199; *John E. Mabce, Inc., et al. v. Anthony et al.*, supra.

The judgment is reversed and the record is remitted to the court below, and that court is directed to return it to the Workmen's Compensation Board for further proceedings in accordance with this opinion.