## Martini v. Riefenberg

*Joseph Sherman* and *Nathan Hyman*, for plaintiff.
*Adrian Jones*, for defendant.

VALENTINE, P. J., June 30, 1943.—This case presents an unusual situation. Claimant was injured July

28, 1940. A claim petition against Willis Riefenberg was filed October 14, 1941. This petition contained the allegation that defendant had paid claimant $75 by way of compensation, thereby tolling the statute of limitations. At a hearing held December 17, 1941, defendant, Willis Riefenberg, testified that he was the manager, but not the owner, of the airport where the accident had occurred. On December 18, 1941, claimant forwarded to the Workmen's Compensation Board at Harrisburg another claim petition, naming the Riefenberg Aviation Company, Inc., as defendant. This petition was mistakenly regarded as a "duplicate of the petition filed October 14, 1941", and was returned to counsel for claimant. At a further hearing on the original petition, held April 8, 1942, counsel for claimant moved to amend the record by adding, as additional defendant, the name of Riefenberg Aviation Company, Inc. The referee allowed this amendment and disposed of the case as though the proceeding had been instituted against the aviation company, rather than against Willis Riefenberg. The referee concluded that Willis Riefenberg was not claimant's employer and that the petition should be dismissed as to him. However, no formal order dismissing the petition was made. The only order made was one awarding compensation against the aviation company.

From the order of the referee Willis Riefenberg appealed to the board, which tribunal vacated the findings of fact and conclusions of law and remitted the record to the referee for further hearing. From this order Willis Riefenberg appealed to this court.

The aviation company had not been served with a copy of claimant's petition. It had no notice of the hearing at which the award was made against it, and was not represented at the hearing, and we agree with the statement of the board that "Although a defendant may be properly added by the referee and an award may be made against the additional defendant, we

know of no rule of law or equity which permits a judgment against a defendant where no notice of the proceeding was given to the defendant. There is no doubt that there were two separate and distinct parties involved, to wit, Willis Riefenberg and a corporate defendant named Riefenberg Aviation Company . . ."

Counsel for claimant contends that the appeal was improperly taken because it was taken by one against whom the referee had made no award. Section 423 of The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, provides that "any party in interest may . . . take an appeal to the board. . . ." Parties to proceedings under The Pennsylvania Workmen's Compensation Act are those who have a right to control the proceedings, to make defense, and to produce and cross-examine witnesses: Yost v. Coxe Traveling Grate Co, 2 D. & C. 303; Bolden v. Greer et al., 257 Pa. 513. Here no formal order carrying out the conclusion of law expressed by the referee that the proceeding should be dismissed as to appellant, Willis Riefenberg, was made.

In Walsh v. Glen Alden Coal Co., 99 Pa. Superior Ct. 58, at page 63, it is said:

"The rules governing the review of the judicial discretion exercised by a trial court in granting or refusing a new trial, in sustaining or rejecting a verdict said to be excessive, or in opening or refusing to open a judgment, and in other familiar instances, are peculiarly inherent in the conduct of litigation and largely of procedural origin, and their application to the administrative work of the compensation authorities would be inconsistent with the remedial character and purposes of the compensation statute, as indicated by its provisions."

We are in accord with the conclusion expressed by the board that, in view of the present state of the record, the Riefenberg Aviation Company should prop-

erly be made a party defendant and the case duly proceeded with against it. In our judgment, the case was properly remitted to the referee for further hearing and determination.

Now, June 30, 1943, the appeal is dismissed.