# Simon *v.* Maryland Battery Service Co. et al., Appellants.

*Workmen's compensation — Disfigurement of head or face — Amount of compensation—Act of May 20, 1921, P. L. 967—Time when act went into effect.*

1. Under the Act of May 20, 1921, P. L. 967, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736, so as to provide compensation for disfigurement of head or face, the disfigurement must be serious and permanent, of a character to produce an unsightly appearance, and an injury not usually incident to the employment.

2. The presence of these conditions must be shown, in each case, to come within its terms, and are matters properly for the determination of the referee on the evidence produced, subject to review.

3. The disfigurements referred to in the act as "not usually incident to the employment" are such as are not the usual result of the normal conditions of work, as contrasted with occupational disfigurements which frequently result from working under conditions unavoidably connected with certain industries, and as to which it may be assumed that workmen demand and receive sufficient wages to satisfy them for the injury that they may expect to suffer.

4. Compensation for such disfigurements is now fixed at sixty per cent of the wages for 150 weeks, whether the disfigurement is slight or extensive, small or great.

5. The award should be made defendant on the extent of the injury, subject to the limitations of any right to recover imposed

by the act; otherwise, a man receiving a permanent scar on the face might be entitled to the same monthly return as one who had suffered much more serious harm, as, for example, the loss of an eye. or nose.

6. The use of the words "not exceeding 150 weeks," in the Act of 1921, makes inapplicable the principles which controlled the decision in Lente v. Luci, 275 Pa. 217.

7. The Act of May 20, 1921, P. L. 967, became effective on the date it was approved by the governor, in the absence of any provision to the contrary.

Argued January 16, 1923.  Appeal, No. 229, Jan. T., 1923, by defendants, from order of C. P. No. 4, Phila. Co., June T., 1922, No. 7495, affirming decision of Workmen's Compensation Board, on case heard de novo, in suit of John J. Simon v. Maryland Battery Service Company and Royal Indemnity Co., insurance carrier. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Reversed.

Appeal from decision of Workmen's Compensation Board on case heard de novo on appeal from award of referee.  Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed.  Defendants appealed.

*Error assigned,* inter alia, was order, quoting it.

*Layton M. Schoch,* with him *Arthur T. Porteous,* for appellants.—The act is not mandatory and does not compel the maximum award.

*Isaac M. Price,* for appellee.

OPINION BY MR. JUSTICE SADLER, February 19, 1923:

The plaintiff, employed by the Maryland Battery Service Company, met with an accident on November 5, 1921. While carrying a metal pot containing hot sealing compound, his arm struck a work bench, and the contents were accidentally thrown over his face, neck and arms.

An agreement to accept forty dollars in compensation for the injury was entered into, and this arrangement was approved by the Workmen's Compesation Board. Later, he presented a petition for a review of the proceedings averring that a mistake had been made, in that there was no allowance for the permanent facial disfigurement caused by the burns. An answer was filed, and a hearing had, which resulted in the award by the referee of compensation for ten additional weeks. On appeal, the case was heard de novo by the Compensation Board, a personal examination of the claimant was made, and an allowance for 150 weeks was ordered. Exceptions to the findings and conclusions were overruled by the court of common pleas, which entered judgment against the defendant, and its insurance carrier, for sums aggregating $1,800. Both appealed, and several questions have been raised by the record now presented.

The Act of May 20, 1921, P. L. 967, amending paragraph c, of section 306 of the original Workmen's Compensation legislation of 1915, gives rise to the present contention. By the earlier statute, the amounts of awards in various classes of cases were designated. Payment was provided for (a) general disability, (b) partial disability,—in both of which cases the compensation was based on the extent of incapacity resulting from the injury,—and, (c) where the loss was of some physical member, such as a hand, arm, foot, leg or eye, to be recompensed by payments for definite periods, irrespective of the effect of the accident upon the ability to continue work.

The amending Act of 1921, added, to paragraph c, a new-class of compensable injury. It provided "for serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty per centum of the wages, not to exceed one hundred and fifty weeks." This supplementary legislation, somewhat confusing in its terms, makes affirmative findings

in three respects necessary, before the claimant may receive an award thereunder. The disfigurement must be serious and permanent, of a character to produce an unsightly appearance, and an injury not usually incident to the employment. The presence of these conditions must be shown, in each case, to come within its terms, and are matters properly for the determination of the referee on the evidence produced, subject to review.

What must appear seems clear, except as to the third requirement. As to it, the learned court below explains the distinction to be drawn between the classes of disfigurement which the legislature apparently had in mind when the Act of 1921 was passed, and we cannot do better than repeat what was said in this regard in the opinion filed in this case. "Class (a) is evidently made up of what may be described as occupational disfigurements, that is, such as so frequently result from working under conditions unavoidably connected with certain industries, that it is fair to assume that those engaging in such occupations anticipate disfigurement and demand and receive sufficient wages to satisfy them for the injury that they expect to suffer. An example of the disfigurement contemplated by the legislature under this class is the decay of the teeth and the necrosis of the jaw ("phossy jaw"), that develop so frequently in those employed in match factories, where white phosphorus is in use. The other class (b) embraces all head or face disfigurements accidentally received in occupations where they are not the usual result of the normal conditions of work."

Here, plaintiff furnished evidence which justified a finding that he suffered from a "serious and permanent disfigurement of the face of such a character as to produce an unsightly appearance," and the referee was of the opinion that he would be compensated by an allowance on the basis of twelve dollars a week for ten weeks, which was increased by the board, on appeal, it holding there was no power to grade the amount of resulting in-

jury, but that an allowance for the maximum time named was required by the express terms of the amending act, whether the disfigurement was slight or extensive, small or great, and no discretion was conferred in fixing the period during which the award should be operative.

This conclusion, subsequently approved by the common pleas, rests on the theory that the new class of compensable injury is merely an addition to the cases provided for by paragraph c, of section 306, of the Compensation Act, and, since it was there directed allowance should be made for definite periods, where loss of designated physical members appeared, irrespective of the extent of the incapacity to labor caused thereby, the same construction should be given in making an award for disfigurement. That paragraph fixed the term of payment where there had been a loss of hand, arm, foot, leg or eye, cases in which, clearly, there could be no replacement of the destroyed member, or improvement in the physical condition of the claimant, and, therefore, were injuries which should be compensated by the payment of a fixed sum. If the ruling of the board is correct, the result would be to give larger recompense for disfigurement than for the loss of an eye, which produces, without question, a permanent unsightly appearance. Though the Act of 1921 adds the new class to paragraph c, in our opinion it should be treated, in effect, as creating a new subdivision, c 2, and the length of time during which payment should be awarded be made dependent on the extent of the injury, subject to the limitations of any right to recover imposed by the act; otherwise, a man receiving a permanent scar on the face might be entitled to the same monetary return as one who had suffered much more serious harm, as for example, the loss of an eye or nose. An examination of the act clearly justifies our conclusion. The compensation under it is not fixed, as in the case of injuries already provided for in paragraph c, of the statute which it amends, at a certain percentage of wages earned for a designated period of

weeks, but the award is to be for 60% of the amount earned *"not exceeding 150 weeks."* The use of this language makes inapplicable the principles which controlled the decision of this court in Lente v. Luci, 275 Pa. 217.

No effort was made by the Compensation Board to determine whether the disfigurement here appearing was of such a grave character as to entitle the claimant to an award for the full period, though it did find the other elements, required by the Act of 1921, if any allowance is to be made. It was of opinion that if any payment was to be directed by reason of the unsightly appearance caused by the accident, the compensation must be given for 150 weeks, and this was the view adopted by the court below. We think there was error in this conclusion, and a new hearing should, therefore, be directed, so that the extent of the harm done may be fairly determined.

It is further suggested by the defendants that the supplementary act, with which we have been dealing, had no application to the present case, in that its provisions were ineffective at the time of the accident, the claimant having been injured prior to 1922. The Compensation Act of 1915, and certain of its amendments, provided for the coming into operation on the first of January following passage, and the argument is therefore made that the same rule should apply to the Act of 1921. No such direction appears therein, and the legislation therefore became effective when properly passed and approved.

It follows from what has been said that assignments of error 1, 2, 4, 5 and 6 should be sustained.

The judgment is reversed, and the record is remitted to the court below with directions to return it to the compensation authorities, so that they may proceed to adjudicate the case in accordance with the law as expressed in this opinion.