## Muchnick, Appellant, *v.* Susquehanna Waist Company et al.

Argued September 29, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Leonard Orloff*, with him *A. F. Barbieri*, for appellant.

*Robert C. Fable, Jr.*, with him *Raymond A. White, Jr.*, for appellees.

196

Opinion by Parker, J., December 11, 1936:

The claimant, while in the course of her employment with the Susquehanna Waist Company, met with an accident which resulted in the loss of two teeth in the upper jaw, the left lateral incisor and the left first bicuspid, and a chipping of the left central incisor. She lost no time from her employment as a result of the injuries, but made claim under §306 (c) of the Workmen's Compensation Act for disfigurement, which claim was not allowed by the referee. That official found the injuries to the teeth to be as alleged, and as the sixth finding of fact found that "the claimant has no permanent disfigurement." Upon appeal to the workmen's compensation board the action of the referee was reversed and that body found that the claimant, in the loss of the two teeth, "did suffer serious and permanent disfigurement of the face so as to produce an unsightly appearance", and awarded her compensation for a period of five weeks at $15 per week. The defendant was also directed to pay the bill of the dentist who treated her, amounting to $34. On appeal to a court of common pleas the award was reversed and judgment was entered for defendant when an appeal was taken to this court.

The question now presented is whether the court below erred in entering a judgment for defendant as a matter of law after a finding by the board. Clause (c) of §306 originally related to compensation for the loss of members such as hand, leg, eye, etc., but by amendment of May 20, 1921, P. L. 966, and later amendments in 1923 and 1927 (77 PS 513), now provides compensation as follows: "For serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-five per centum of wages not to exceed one hundred and fifty weeks."

To sustain an award under this provision affirmative

findings in three respects are necessary: (a) a serious and permanent disfigurement, (b) of such a character as to produce an unsightly appearance, and (c) such as is not usually incident to the employment. The presence of these three conditions "are matters properly for the determination of the referee [or the board on appeal] on the evidence produced, subject to review" for errors of law: *Simon v. Maryland Battery S. Co.*, 276 Pa. 473, 476, 120 A. 469. The portion of clause (c) of §306 dealing with disfigurement differs from that concerning the loss of a member in that compensation is not definitely fixed at a certain percentage of wages earned for the whole number of weeks specified in the statute, but the award is to be for sixty-five per cent of the amount earned not exceeding one hundred and fifty weeks. Consequently, the amount of the allowance to be made for disfigurement is to be determined by the seriousness of the unsightly appearance resulting from the accident: *Simon v. Maryland Battery S. Co.*, supra, (p. 478). We have heretofore held in an opinion by Judge, now Mr. Justice, LINN *(Walsh v. Glen Alden Coal Co.*, 99 Pa. Superior Ct. 58, 62) that the duty of measuring or determining from the evidence the "extent of the injury" is imposed on the referee or on the board on appeal from the referee. It is a finding of fact as much so as a finding of dependency and like any other fact it must be supported by evidence in the record. We likewise held in that case that the rules that govern the review of the exercise of discretion in judicial proceedings are not applicable in considering the amount of an award by compensation authorities since the latter proceedings are not litigation. When the board has found the facts this court must accept them, if supported by evidence: *Slemba v. Hamilton & Sons*, 290 Pa. 267, 138 A. 841.

It must be conceded that the loss of two front teeth and the chipping of a third front tooth is a disfigure-

ment of the head or face, a deformity, defacement or blemish, that it is not usual to the employment in which claimant was engaged and that such injuries to the teeth of an adult are permanent. Consequently, the controlling question involved here is whether the court may say as a matter of law that there was not any evidence to support the finding of the board that the disfigurement was *serious,* weighty and important as opposed to light and trifling. We have no doubt that if average persons were asked whether they would classify the loss of two front teeth as important or trifling, the vast majority would refuse to classify the loss or blemish as trifling. Certainly there is no such unanimity of opinion to the contrary as would justify the court in saying that the finding of fact by the board is inherently wrong. We have heretofore definitely held that the degree of seriousness is exclusively for the referee or board. In considering the entire gamut of degrees of disfigurement from the most trifling to the most serious, it is a continuous series without a clear line of demarcation showing when the serious condition is reached, and it is ordinarily for the referee or board to determine whether the disfigurement is of a degree where it may be said to be serious.

The Legislature has recognized this situation in providing a relative scale of compensation varying from one to one hundred and fifty weeks. This clearly discloses the wide variation that may exist in serious disfigurements which are subject to compensation. Here the board allowed modest compensation when they made the award of five weeks at $15 a week or $75. We are all of the opinion that there is sufficient evidence to sustain the award. It was a matter for the board to determine and we cannot convict them of error as a matter of law under the circumstances here present. The degree of the injury depended upon other factors than the loss of the two teeth, such as the condition of the other teeth and the consequent effect

on the facial appearance. The previous appearance of the teeth as a whole as part of the head and face is a matter that is proper for the fact finding body to consider, and situations may arise where the loss of a front tooth might not be so serious as to create an unsightly appearance.

The loss of front teeth has always been regarded as a serious matter. As Blackstone points out (4 Bl. Comm. 205), mayhem was held to include "striking out his eye or foretooth". The ancient Jewish law required an eye for an eye and a tooth for a tooth. It is true that we are here dealing with the loss from the standpoint of facial disfigurement, but the analogy remains. Even though the loss may be minimized by the substitution of false teeth, the appearance in most cases is still affected. The conclusion at which we have arrived is in harmony with that reached in other jurisdictions. See Note to the case of *Mabee v. Anthony*, 80 A. L. R. 968, 979, where many cases are cited.

Judgment reversed and it is directed that judgment be entered for the claimant on the award of the Workmen's Compensation Board.