Kashoff, Appellant, *v.* Coat Craft Co., Inc., et al.

Argued December 7, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*Thomas Waltz,* for appellant.

*H. R. Detweiler,* with him *Frank R. Ambler,* for appellee.

OPINION BY KENWORTHEY, J., March 3, 1944:

Claimant appeals from the refusal of the court below to disturb the order of the workmen's compensation authorities disallowing compensation "for serious and permanent disfigurement of the head, or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment ......" Section 306(c) of the Act of June 2, 1915, P. L. 736 art. III, as amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS 513. The facts are not in dispute. While working as a floor girl in defendant's coat manufacturing establishment, claimant tripped, fell and struck her front teeth on the floor so as to necessitate the extraction of two permanent upper incisors. At the hearing before the referee, it was shown

that defendant had agreed to pay $90 for a permanent denture and had paid the dentist $100 for services rendered.

The board was of opinion that "defendant has done everything possible to secure the best available treatment for the claimant and there is every reason to assume that the permanent denture would, so far as outward appearances go, restore the claimant's facial appearance to that which existed prior to her accident ...... [and] ...... when the permanent denture is in place this claimant will look substantially the same as she did before and that no unsightliness or disfigurement will remain."

We agree with the statement in the opinion of the court below that: "It is firmly established that disfigurement and its degree—whether trifling or serious, temporary or permanent—is purely a question of fact." In *Muchnick v. Susquehanna Waist Co.*, 124 Pa. Superior Ct. 194, 188 A. 413, we upheld an award of compensation for the loss of two front teeth. But we also said, at page 199, and repeated it in *Pavik v. Glen Alden Coal Co.*, 140 Pa. Superior Ct. 165, 14 A. (2d) 161, "that situations may arise where the loss of a front tooth might not be so serious as to create an unsightly appearance." Findings that the disfigurement is serious and permanent and produces an unsightly appearance must be made in the first instance by the board. *Simon v. Maryland Battery S. Co.*, 276 Pa. 473, 475, 476, 120 A. 469. For us to declare as a matter of law that a woman with two false teeth has a serious and permanent disfigurement and to attempt to measure the extent of the disfigurement would be to usurp the function of the board. In the present case, the sums which the employer has paid and agreed to pay are considerably in excess of the $75 awarded in the *Muchnick* case. We cannot say that the board's finding was so arbitrary as to amount to an error of law.

*Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. (2d) 51.

Order is affirmed.