Lebanon Steel Foundry and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Jack L. Kiscaden, Appellees.

Submitted on briefs, February 7, 1974, to Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Thomas A. Ehrgood,* for appellants.

*Roland J. Artigues,* for appellees.

OPINION BY JUDGE KRAMER, March 27, 1974:

This is an appeal filed by Lebanon Steel Foundry and Pennsylvania Manufacturers' Insurance Company, Insurance Carrier (Lebanon) from an order of the Workmen's Compensation Appeal Board (Board) dated

August 16, 1973, in which the Board reversed the adjudication of its referee and thereby awarded workmen's compensation benefits to Jack L. Kiscaden (Kiscaden).

There is no dispute as to the facts. On May 1, 1971, Kiscaden, while in the course of his employment, injured his right hand while drilling stripping pin holes. The record indicates that he suffered a specific injury to the proximal interphalangeal joint of the right ring finger, and as a result, now suffers a permanent stiffness and partial loss of motion. Although Kiscaden received medical treatment, he incurred no loss of work and no loss of wages. The record discloses the following summary made by the physician who treated him: "In short, it is my opinion that this patient has incurred an Industrial Loss on the basis of my findings which are confirmed with the x-ray examination. It is a well known fact that the whole hand cannot function with the same strength and stability if any one of several joints are involved with limitation of motion as I have described."

After hearing, the referee disallowed compensation after finding that although Kiscaden had suffered a work-related accident and injury resulting in "approximately 50 percent" limited range of motion, he had not suffered a total loss of the use of the finger. Upon appeal to the Board, Kiscaden personally appeared, and the Board viewed the injured finger. Thereafter the Board issued its adjudication wherein it amended the referee's findings and found that Kiscaden had lost the use of one half of his injured finger. In Lebanon's appeal to this Court, it presents the rather narrow issue of whether the Board could reverse the findings of the referee in light of the holding of this Court in *Universal Cyclops Steel Corporation, et al. v. Krawsczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). *Universal Cyclops* held that since May 1, 1972, which is the effective date of the most recent amendments to the

Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq., the Board's scope of review has been changed in that the Board cannot make new findings of fact contrary to those found by the referee unless it chooses to hear evidence. The record in this case indicates that the Board did receive very tangible and concrete evidence by virtue of its personal view of the injured finger of Kiscaden. Therefore the Board had the power and authority to make its own finding based upon the record before it and its view of the injured finger. Because the Board's findings and conclusions are based upon evidence presented to the Board, our scope of review is the same as it was before *Universal Cyclops, supra.* Where the party with the burden prevailed below, we may reverse only if the findings of the Board are not supported by substantial evidence, or for an error of law. *See Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A. 2d 924 (1973).

The most recent amendment to the Act at 77 P.S. §513(24) states in pertinent part: "Permanent loss of the use of a . . . finger . . . shall be considered as the equivalent of the loss of such . . . finger. . . ."

In *Sims v. American Can Company,* 6 Pa. Commonwealth Ct. 423, 296 A. 2d 290 (1972), this Court stated: "Section 306(c) [77 P.S. §513] should be so construed that every reasonable intendment of its express language should be upheld in behalf of the employee. Ciotti v. Jarecki Manufacturing Co., 128 Pa. Superior Ct. 233, 193 A. 323. The Workmen's Compensation Act, 77 P.S. §1 et seq., is remedial and is to receive a liberal construction. Ottavi v. Timothy Burke Stripping Company, 140 Pa. Superior Ct. 389, 14 A. 2d 188." 6 Pa. Commonwealth Ct. at 425, 296 A. 2d at 291.

Based upon the case of *Bush v. Keystone Carbon Company,* 211 Pa. Superior Ct. 422, 236 A. 2d 231 (1967), Lebanon contends that Kiscaden had the bur-

den to prove that he had lost a substantial part of a finger and that "substantial means something worthwhile as opposed to something without value." While we agree that Kiscaden had the burden to prove his loss, we cannot agree with Lebanon that Kiscaden has not met his burden. There is adequate substantial evidence in this record to support the Board's findings that Kiscaden had lost the use of one-half of his right ring finger. Our reading of this record permits us to conclude that Kiscaden has lost the use of one-half of said finger for all practical purposes. We therefore

### ORDER

AND Now, this 27th day of March, 1974, it is hereby ordered that judgment be entered on behalf of Jack L. Kiscaden and against Lebanon Steel Foundry and/or Pennsylvania Manufacturers' Association Insurance Company, whereby they are directed to pay to Jack L. Kiscaden, in addition to the medical expenses already paid, workmen's compensation benefits at the rate of $60.00 per week for a period of ten weeks beginning May 1, 1971, together with interest at the rate of six percent per annum on all deferred amounts of workmen's compensation payable hereunder, with credit to the defendant for any workmen's compensation already paid.