Gordon J. Isherwood, Appellant, *v.* Township of Penn Hills, Pennsylvania National Mutual Casualty Insurance Company, Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued March 7, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William A. Weiler,* with him *Glasso and Weiler,* for appellant.

*Carl B. Fried,* with him *Irwin M. Ringold,* for appellees.

OPINION BY JUDGE MENCER, April 19, 1974:

This is an appeal by Gordon J. Isherwood (Isherwood) from an order of the Workmen's Compensation Appeal Board (Board) denying him benefits.

Isherwood was employed by the Township of Penn Hills (Township) as a police officer. On February 3, 1970, he filed a claim petition with the Bureau of Workmen's Compensation, alleging that he injured his back on March 4, 1969 as a result of an accident in which he slipped on a step while carrying a stretcher during the course of his employment.

After two hearings were held, a referee denied compensation on the basis of his finding that Isherwood did not sustain a compensable accidental injury on March 4, 1969. The Board then affirmed the referee's determination. The present appeal follows the Board's denial of Isherwood's petition for a rehearing.

Our scope of review in workmen's compensation cases is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has affirmed the findings and conclusions of the referee and has found against the party having the burden of proof,[1] review by this Court is to determine whether the findings are consistent with each other and with the conclusions of law and the Board's order and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973).

The first two questions presented in this appeal concern the propriety of the referee's conclusion that

---

[1] The claimant here has the burden of proving that his injury resulted from an accident as that term was used in The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq. *Hinkle v. H. J. Heinz Company,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972).

there was no compensable accidental injury sustained by Isherwood on March 4, 1969. Since the referee found as a fact that there was no compensable accident, our limited scope of review compels us to sustain this finding if we can do so without a capricious disregard of competent evidence.

At the hearings before the referee, Isherwood offered his own testimony and that of two fellow police officers to support his claim that he sustained an accident on March 4, 1969 when he slipped while carrying a stretcher. He also presented the testimony of his doctor to establish causation between the above incident and his injuries. This testimony was not rebutted by the Township which chose not to present any evidence at the hearings before the referee.

There is no doubt that the referee disregarded the testimony given by Isherwood and his witnesses. However, under the circumstances of this case, we do not find that this disregard of testimony was capricious.

Although the Township offered no evidence of its own, it did attack Isherwood's credibility. On cross-examination, Isherwood admitted that when he saw his physician shortly after the alleged accident he did not recall telling the physician about slipping or falling. The physician stated on cross-examination that Isherwood gave no history of slipping when he was examined by the doctor on March 10, 1969.

A capricious disregard of competent evidence occurs when there is a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board, supra.* In light of the doubt which was cast upon Isherwood's credibility during cross-examination, we cannot say that the referee's rejection of his testimony that he

slipped and fell[2] was such a flagrant disregard of the testimony as to be repugnant to a man of reasonable intelligence. *Crain v. Small Tubes Products*, 8 Pa. Commonwealth Ct. 157, 302 A. 2d 925 (1973). After a review of the record, we conclude that the findings of the referee can be sustained without a capricious disregard of competent evidence.

Isherwood also argues that the Board and referee erred in not finding that the Township admitted in the pleadings that Isherwood suffered an accidental injury. We find this argument to be without merit.

This argument is based on the Township's failure to specifically deny Isherwood's allegations of an accident in his claim petition. The Township simply used the word "denied" in its answer to Isherwood's allegations numbers 2 and 4. This is contended by Isherwood to be tantamount to an admission of these two allegations under Section 416 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §821, and Section 111.43 of the rules of the Board, 34 Pa. Code §111.43. We do not agree.

Section 416, as it was in effect on April 15, 1970, the date of the Township's answer,[3] read in pertinent part as follows: "Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. *But the failure of any adverse party or of all of them to deny a fact so alleged shall not preclude the board or referee before whom the petition is heard from requiring, of its or his own motion, proof of such fact.*" (Emphasis added.) Section 111.43 of the rules of the Board, which was in effect on April 15, 1970, provides: "The

---

[2] This testimony was necessary for a conclusion that a compensable accident was sustained under The Pennsylvania Workmen's Compensation Act.

[3] We need not consider the 1972 amendment of this section since it was not in effect at the time the Township filed its answer.

Board or the referee may, upon proper cause shown, extend the time for the filing of an answer or other pleading. Bare or blanket denials or statements that proof is demanded will not be deemed a compliance with this section nor with section 416 of the act (77 P.S. §821) and every answer so filed shall set forth all defenses with clarity and particularity. *The failure of any adverse party to deny facts, as alleged, shall not relieve the moving party from its burden of proof.*" (Emphasis added.)

We find that a careful reading of the above sections reveals that the referee and Board were not compelled to find as facts allegations in a claim petition which were not specifically denied. Therefore, the failure of the referee and Board to find as facts Isherwood's allegations of an accident when they were not specifically denied did not constitute error.

We therefore issue the following

ORDER

AND NOW, this 19th day of April, 1974, the May 17, 1973 decision of the Workmen's Compensation Appeal Board, relative to the claim of Gordon J. Isherwood, is hereby affirmed.

