Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and SKF Industries, Appellees, *v*. Adolph Pizzo, Appellant.

Argued September 12, 1975, beore President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

Held: Affirmed. Petition for reargument filed and denied.

*Marc S. Jacobs*, with him *Roland J. Artigues*, and, of counsel, *Galfand, Berger, Senesky, Lurie and March*, for appellant.

*Barbara Pennell*, with her *Joseph R. Thompson* and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, October 17, 1975:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial, in part, of a modification petition filed by Adolph Pizzo (claimant). The referee dismissed that portion of the petition asking for compensation for serious and permanent facial disfigurement.

On July 13, 1971, while in the course of his employment, Adolph Pizzo was injured when a metallic fragment struck his right eye. Claimant and his employer entered into an agreement for compensation on October 5, 1971, under which claimant was paid compensation from July 14, 1971 until January 14, 1972, at which time he returned to work. A final receipt was signed on January 18, 1972.

The claimant filed a petition for modification on August 30, 1973, alleging that the injury of July 13, 1971, had resolved itself into the loss of use of the right eye, as well as serious and permanent facial disfigurement resulting from claimant's inability to keep his eye open. The referee awarded additional compensation for the loss of use claim, but denied the claim for disfigurement on the grounds that there was "no competent medical evidence to show that the closing of the right eyelid

and the squinting are permanent." Claimant appealed this second determination to the Board which dismissed the appeal. We affirm.

Our scope of review in examining decisions of the Workmen's Compensation Appeal Board, where the Board has affirmed the decision of the referee, is limited to whether the referee's findings, as affirmed by the Board, are consistent with each other and with his conclusions of law and can be sustained without a capricious disregard of competent evidence. *Isherwood v. Township of Penn Hills,* 13 Pa. Commonwealth Ct. 187, 318 A. 2d 767 (1974); *Canterna v. United States Steel Corporation,* 12 Pa. Commonwealth Ct. 579, 317 A. 2d 355 (1974).

The applicable law is Section 306(c) (22) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §513(22), which states in pertinent part:

"For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

. . . .

"(22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance. . . ."

Claimant's first assertion is that the question of whether a disfigurement is permanent is one of law and not of fact. If this were true, our decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), would allow the Board to exercise its power of review to find, as a matter of law, that claimant's disfigurement was permanent notwithstanding the referee's finding.

A well-established line of cases, however, has held that whether disfigurement is permanent or temporary is purely a question of fact. *Simon v. Maryland Battery Service Co.,* 276 Pa. 473, 120 A. 469 (1923); *Kashoff v. Coat Craft Co., Inc.,* 154 Pa. Superior Ct. 478, 36 A. 2d

180 (1944); *Muchinick v. Susquehanna Waist Co.*, 124 Pa. Superior Ct. 194, 188 A. 413 (1936). Both reason and law compel us to follow these cases. Therefore, under *Universal Cyclops, supra,* the referee's findings must stand unless there has been an error of law or a capricious disregard of competent evidence.

Claimant next contends that the Board erred as a matter of law in determining that there must be competent *medical* evidence to support a finding of fact that a disfigurement is permanent. In *Rickert v. Susquehanna Collieries Co.*, 27 Schuylkill Legal Record 285 (1931), the Court held that competent medical evidence was necessary to support a finding of fact that a disfigurement is permanent.[1] Here the referee found that the medical testimony offered by claimant did not support a finding of permanence.

The claimant's third argument is that the referee and the Board, in determining that his disfigurement was not permanent, capriciously disregarded competent evidence in the form of testimony by claimant, a fellow worker, and by deposition of claimant's ophthalmologist.

A capricious disregard of competent evidence occurs when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Isherwood, supra,* 13 Pa. Commonwealth Ct. at 190, 318 A. 2d at 769.

The relevant medical testimony of claimant's ophthalmologist is as follows: "Q. Is it your medical opinion today that this condition of Mr. Pizzo keeping his right eye closed—is that a permanent condition? Or is it something— A. (interposing) It is not permanent *now.*

---

1. It is urged by claimant that the referee may take judicial notice of the permanence of an injury. While this could conceivably be arguable where the injury is, for example, the loss of an ear or nose, judicial notice could not properly be taken of the permanence of the disfigurement in this case.

Q. In other words, it is something that will clear up or should clear up in a matter of time? A. Well, it occurs at different intervals at present. In other words, the eye is not constantly closed ... Q. What is your prognosis for the right eye? A. *I would say the prognosis for the right eye is favorable for it to continue at its present level.* Q. Can the condition of the eye wherein the patient *keeps it closed* be accounted for through psychosomatic symptoms? A. Yes, it is my opinion that it most likely is." (Emphasis added.)

Viewed in the light most favorable to claimant, this testimony is at best ambiguous on the issue of permanence. Claimant's own testimony and that of his witness, Nicholas Grimalis, is equally inconclusive on the issue of permanence. After reviewing all the testimony, we do not find a capricious disregard of competent evidence.

Claimant's last assertion is novel; he asks us to find that he is entitled to a suspension of benefits until his disfigurement may be found to be permanent. Section 413 of the Workmen's Compensation Act, 77 P.S. §772, provides for suspension of benefits on petition by either party "upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." The proof offered by claimant does not establish an increase or recurrence of disability at this time. Should the disfigurment become permanent, the claimant might again petition the Board for a modification.

Therefore, we make the following

ORDER

Now, this 17th day of October, 1975, the order of the Workmen's Compensation Appeal Board, filed February 20, 1975, relative to Adolph Pizzo, is hereby affirmed.