Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Richard W. Daub v. Fruehauf Corporation, Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

Richard A. Bausher, with him Stevens & Lee, for appellant.

Joel M. Breitstein, with him James N. Diefenderfer, for appellees.

Opinion by Judge Rogers, February 26, 1976:

This is an employer's appeal from an award of compensation by the Workmen's Compensation Appeal Board.

The appellee, Richard W. Daub, suffered injuries in the course of his employment for the appellant, Fruehauf Corporation, which injuries became the subject of an agreement for compensation. A final receipt was executed by the appellee on September 27, 1973. On July 18, 1974, the appellee filed a petition to review the agreement, seeking the compensation for "serious and permanent disfigurement of the head, neck and face, of such character as to produce an unsightly appearance, and such as is not usually incident to the employment" provided by Section 306(c)·(22) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §513(22). The referee "closely examined [claimant's] alleged scar" and found that "although . . . the scar in claimant's left orbital rim [is] discernible, . . . said scar [is not] serious or of such a character to produce an unsightly appearance." He

further found that the scar "is barely discernible save for observation under bright light." In a conclusion of law the referee "found [claimant] to have a discernible permanent disfigurement, [but that] it is neither serious nor of the character to produce an unsightly appearance." The referee dismissed the petition for review.

The Workmen's Compensation Appeal Board affirmed the referee's findings of fact but held that the referee erred as a matter of law when, after finding a "discernible permanent disfigurement," he did not award compensation. The Workmen's Compensation Appeal Board simply ignored the referee's further findings that the disfigurement was neither serious nor unsightly, holding expressly that a discernible permanent disfigurement is compensable and by implication that the disfigurement need not be serious or productive of an unsightly appearance. This was legal error. It has been consistently held that to support an award for disfigurement there must be affirmative findings that the disfigurement be (1) serious and permanent, (2) of such character as to produce an unsightly appearance, and (3) such as is not usually incident to the employment. *Simon v. Maryland Battery Co.*, 276 Pa. 473, 120 A. 469 (1923) ; *Muchnick v. Susquehanna Waist Company*, 124 Pa. Superior Ct. 194, 188 A. 413 (1936). The plain findings in the instant case are that the appellee's disfigurement was not serious and did not produce an unsightly appearance.

The appellee argues that he personally appeared before the Workmen's Compensation Appeal Board and that the Board must have made its own finding that the "discernible permanent scar" was a serious disfigurement of such a character as to produce an unsightly appearance. The difficulty with this argument is that the Workmen's Compensation Appeal Board makes no mention in its opinion of having examined the plaintiff, expressly affirmed all of the referee's findings, made no finding of its own, and based its award of compensation entirely

upon its conclusion that as a matter of law a finding of a condition of "discernible permanent disfigurement" alone supports an award.

### ORDER

AND NOW, this 26th day of February, 1976, the decision of the Workmen's Compensation Appeal Board is reversed and the claimant's petition for review is dismissed.