Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Robert Peter Ewing v. Jones & Laughlin Steel Corporation, Appellant.

Submitted on briefs February 5, 1976, to Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three. Argued June 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, and BLATT. Judges KRAMER and ROGERS did not participate.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*William R. Caroselli,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, July 19, 1976:

Robert Peter Ewing (claimant) filed a claim petition in accord with the provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., seeking benefits for a serious and permanent disfigurement not usually incident to his employment and arising from an injury he sustained on September 9, 1973 during the course of his employment with the Jones & Laughlin Steel Corporation.

The claimant was the only witness to appear before the referee who, by order dated August 9, 1974, awarded 3 weeks' compensation for the scar on claimant's forehead. This award was appealed by the claimant to the Workmen's Compensation Appeal Board (Board). When the argument was held before the Board on February 6, 1975, the claimant appeared and his scar was viewed by the members of the Board.[1] The Board, by order of July 21, 1975, modified the referee's award and awarded 22 weeks' compensation to the claimant.[2] This appeal followed.

In *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), we held that, since May 1, 1972, the effective date of the applicable amendment to the Act, the Board's scope of review has been changed in that the Board cannot make new findings of fact contrary to those found by the referee unless it chooses to hear evidence. In *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974), we held that the Board did receive tangible and concrete evidence by virtue

---

[1] 34 Pa. Code §111.14(a) provides in pertinent part: "In all cases before the Board the parties or their counsel shall appear to present their cause. In cases involving disfigurement or commutation the claimant shall appear in person."

[2] Both awards were at the rate of $100 per week

of its personal view of a claimant's injured finger and therefore the Board had the power and authority to make its own finding based upon the record before it and its view of the injured finger.

However, in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), we held that where the referee's findings are supported by competent evidence the Board has no power to take additional evidence or to disturb the referee's findings. In the instant case, we are satisfied that the Board, as in *Lebanon Steel Foundry, supra,* did, by its personal view of claimant's scar, receive evidence and that to do so in a disfigurement case was proper as an exception to our general holding in *Forbes.*

Therefore, the Board had the power and authority to make its own finding, based upon the record before it and its view of the scar. Since the Board's finding and conclusion are based upon evidence presented to the Board, our scope of review is the same as it was before *Universal Cyclops, supra.* Where the party with the burden prevailed below, we may reverse only if the findings of the Board are not supported by substantial evidence or for an error of law. We cannot conclude here that the claimant did not meet his burden of proof or that there was not substantial evidence to support the critical finding of the Board. Also, we discern no error of law on this record.

Accordingly, we make the following

ORDER

AND Now, this 19th day of July, 1976, the appeal of Jones & Laughlin Steel Corporation is hereby dismissed, and the decision and award of the Workmen's Compensation Appeal Board is affirmed. Accordingly, it is ordered that judgment be entered in favor

546.

of Robert Peter Ewing and against Jones & Laughlin Steel Corporation and the Hartford Insurance Group in the amount of $100 per week, beginning July 23, 1974 and continuing for a period of 22 weeks, in the total sum of $2200, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.