Industrial Casting Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Milton R. Boltz, Respondents.

Argued March 2, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Thomas A. Ehrgood,* with him *Ehrgood & Ehrgood,* for appellant.

*Marc S. Jacobs,* with him *Galfand, Berger, Senesky, Lurie and March,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, May 3, 1978:

Industrial Casting Co. (ICC) has taken this appeal from a decision of the Workmen's Compensation Appeal Board (Board) awarding compensation to Milton R. Boltz (claimant) for disfigurement. We affirm.

On March 7, 1975, claimant suffered a work-related injury requiring two operations on his neck in April and May of 1975. Fourteen stitches were used in one operation and nineteen in the other.

After a hearing on the claim petition on May 28, 1976, the referee found that, while the disfigurement was most likely permanent in nature, it was not serious and of such a character as to produce an unsightly appearance. The referee dismissed claimant's petition for compensation for serious and permanent disfigurement sought under provisions of Section 306 (c)(22) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22). ICC's petition for termination of compensation was granted. On appeal to the Board from the referee's refusal to allow compensation for disfigurement, claimant appeared at the hearing on March 16, 1977, and members of the Board observed the disfigurement. In affirming the referee's award, the Board concluded that the 1½-inch scar on claimant's neck was unsightly and therefore modified the award by allowing compensation for serious and permanent disfigurement.

On appeal to this Court, ICC has argued that there was not competent evidence to support the Board's finding on disfigurement. In *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,*

25 Pa. Commonwealth Ct. 542, 360 A.2d 854 (1976), we stated the general rule that where the referee's findings are supported by competent evidence the Board generally has no power to take additional evidence or to disturb the referee's findings. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). However, we also noted that where the claimant appeared and was viewed by the Board this was tangible and concrete evidence upon which the Board could make a finding different from that of the referee. *See Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974). As we said in *Jones & Laughlin,* "[i]n the instant case, we are satisfied that the Board, as in Lebanon Steel Foundry, *supra,* did, by its personal view of claimant's scar, receive evidence and that to do so in a disfigurement case was proper as an exception to our general holding in Forbes." 25 Pa. Commonwealth Ct. at 545, 360 A.2d at 856.

ICC would seek to avoid our holding in *Jones & Laughlin* by arguing that medical evidence was necessary to support a finding that the disfigurement was *permanent* under our holding in *Workmen's Compensation Appeal Board v. Pizzo,* 21 Pa. Commonwealth Ct. 370, 346 A.2d 588 (1975). In *Pizzo,* we concluded that the referee did not commit error in choosing not to believe the claimant's ambiguous medical evidence suggesting that the disfigurement was permanent. The claimant there had suffered an eye injury and was alleging that his inability to keep his eye open resulted in permanent facial disfigurement. In affirming the denial of benefits, we indicated that there could be circumstances in which the fact-finder could determine from his own observation whether a disfigurement was permanent, a question of fact. *Id.* at

373 n. 1, 346 A.2d at 590 n. 1. This is just such a case. After viewing the scar and with the knowledge that the operations occurred approximately 20 months earlier, the Board's conclusion that the disfigurement was permanent was not improper. Even the referee, who thought that the disfigurement was not serious and unsightly, nevertheless indicated that it was most likely permanent.

Since the findings of fact are supported by the evidence and no error of law was committed, we will affirm.

ORDER

AND Now, this 3rd day of May, 1978, the appeal of Industrial Casting Co. is dismissed, and the order of the Workmen's Compensation Appeal Board, dated March 9, 1977, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Milton R. Boltz and against Industrial Casting Co. and its insurance carrier, Pennsylvania Manufacturers' Association Insurance Co., for disfigurement, in the amount of $131.96 per week for a period of 17 weeks, commencing July 21, 1975, together with interest at the rate of 10 percent per annum on deferred payments from the date due to the date paid, all within the terms of The Pennsylvania Workmen's Compensation Act.