East Coast Shows and U.S. Fidelity & Guaranty Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Norman Bell, Respondents.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioners.

*Thomas J. Terputac,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE BLATT, August 22, 1978:

East Coast Shows (employer) and its insurance carrier have appealed from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits for disfigurement to Norman Bell (claimant).

The claimant was injured on September 21, 1975 when a supporting cable snapped on the ferris wheel which he was dismantling. In addition to shoulder, neck, and back injuries, he sustained two lacerations on his face and an extensive one on the back of his head. The referee awarded total disability benefits for the period following the injury until December 1, 1975 and an additional seventy-five weeks of compensation at the rate of $85.50 per week for disfigurement. The employer appealed only that portion of the award pertaining to disfigurement, and the Board, after viewing the claimant's scars, affirmed the referee's award. This appeal followed.

Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §513(22), provides compensation "[f]or serious and permanent disfigurement of the head, neck, or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment. . . ." In order for a claimant to receive an award pursuant to this section of the Act, he must prove that his disfigurement is (1) serious and permanent, (2) of such

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

character as to produce an unsightly appearance, and (3) such as is not usually incident to the employment. *Simon v. Maryland Battery Service Co.*, 276 Pa. 473, 120 A. 469 (1923); *Workmen's Compensation Appeal Board v. Fruehauf Corp.*, 23 Pa. Commonwealth Ct. 466, 353 A.2d 63 (1976).

The employer raises two issues before us: (1) whether or not a scar must be discernible to be compensable, and (2) whether or not the claimant must produce medical evidence of the permanence of the disfigurement. Counsel for the employer has argued that much of the scarring here is not visible because it is covered by the claimant's hair and that the record contains no medical evidence of the permanence of the scars.

The referee specifically found that this work-related accident caused:

1. A laceration one (1) inch in length on the middle of his right cheek near the lower part of his nose.

2. A two and one-half (2½) inch scar near his hairline in the middle of his forehead going diagnolly [sic] toward his right eye onto his eyebrow.

3. A scar on the back of his head from one ear to the other. The said lacerations caused noticeable, unsightly, and permanent scars and disfigurement on his face and head.

Both the referee and the Board viewed the claimant's scars, and we have previously held that a finding of fact by the Board may be based upon the Board's view of a body part. *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974). There is no evidence whatever in the record that these scars are *not* visible,

and we will give no weight to counsel's argument to the contrary. It is clear that the Act requires a scar to be discernible, but we will not disturb the findings here when both the referee and the Board determined the claimant's scars to be "noticeable" and "unsightly" after viewing them.

With respect to the employer's argument concerning the permanence of the claimant's disfigurement, we have previously recognized that competent medical evidence is *generally* necessary to support a finding of fact that disfigurement is permanent. *Workmen's Compensation Appeal Board v. Pizzo*, 21 Pa. Commonwealth Ct. 370, 346 A.2d 588 (1975); *Rickert v. Susquehanna Collieries Co.*, 27 Schuylkill Legal Record 285 (1929). In the *Pizzo* case, medical testimony was required to establish that a squinting condition and the involuntary closing of the claimant's eyelid were permanent conditions. The Court stated there, however, that judicial notice of the permanence of some types of injuries, such as the loss of an ear or nose, may be properly taken. *Pizzo, supra,* 21 Pa. Commonwealth Ct. at 373, 346 A.2d at 590. Similarly, we believe that in cases of extensive facial scarring the referee and the Board are competent to judge the probable permanence of the disfigurement. The referee here viewed the claimant's scars approximately ten months after the claimant sustained the injury, and the Board did so four months after that. It was reasonable, we believe, for the Board to have assumed that the unsightliness of a one-year-old scar would not significantly diminish in the future. Furthermore, the claimant here specifically testified that at least one intervening attempt at plastic surgery had also left a scar.

We do not intend our decision to eliminate entirely the requirement of presenting medical evidence as to the permanence of a disfigurement. Under the circum-

stances of the present case, however, we do hold that it was not necessary for this claimant to obtain the testimony of a medical expert solely for the purpose of establishing that his scars would not likely disappear at some time in the future.

Accordingly, we will affirm the Board's order awarding compensation to the claimant for disfigurement.

ORDER

AND Now, this 22nd day of August, 1978, the order of the Workmen's Compensation Appeal Board is hereby affirmed, and it is ordered that judgment be entered in favor of Norman Bell and against the defendant, East Coast Shows, and its insurance carrier, United States Fidelity and Guaranty Company, for $72.00 per week for the claimant's period of total disability from September 22, 1975 through November 30, 1975 inclusive and for additional compensation for disfigurement at the rate of $85.00 per week beginning December 1, 1975 and continuing for seventy-five (75) weeks thereafter.

The defendant and its insurance carrier are also directed to pay the following medical expenses: Springfield Neurosurgical Associates, Inc., 39 Mulberry Street, Springfield, Massachusetts 01105, in the sum of $175.00; Wesson Memorial Hospital, P.O. Box 1369, Springfield, Massachusetts 01101, in the sum of $817.88; Washington Hospital, Washington, Pennsylvania 15301, in the sum of $32.75; Dr. Douglas T. Corwin, 636 Washington Trust Building, Washington, Pennsylvania 15301, in the sum of $40.00.

The defendant and its insurance carrier shall also reimburse the claimant for travel expenses in the sum of $75.57, and shall pay the sum of $1,224.00 for attorney's fees directly to Thomas J. Terputac, Esquire.

The above award shall bear interest at the rate of ten (10) per cent per annum as provided in Section 406.1 of The Pennsylvania Workmen's Compensation Act, as amended.