Purex Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richard R. Ross, Respondents.

Argued March 5, 1982, before Judges ROGERS, CRAIG and MacPHAIL, sitting as a panel of three.

*Charles W. Craven,* with him *Jo Marjorie Fineman, Marshall, Dennehey, Warner, Coleman & Goggin,* for petitioner.

*Francis X. Dillon, Timby and Dillon, P.C.,* for respondent, Richard R. Ross.

OPINION BY JUDGE MACPHAIL, May 17, 1982:

Purex Corporation (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order awarding workmen's compensation benefits to Richard R. Ross (Claimant) for serious and permanent disfigurement under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

Claimant was employed by Petitioner as a checker and forklift operator when, on January 7, 1978, he was injured in a fall while at work. A Notice of Compensation Payable was entered whereby Claimant received compensation benefits effective January 8, 1978. Claimant subsequently executed a final receipt reflecting his ability to return to work on April 24, 1978. On or about May 18, 1978, Claimant filed a claim petition alleging disfigurement as a result of facial scarring and a broken nose suffered in the accident at work.

The referee amended the claim petition to a petition to set aside a final receipt and found, after hearings were held on the matter, that Claimant was seriously and permanently disfigured by spotted scarring on either side of the bridge of his nose, a three inch scar on the forehead and a bend in his nose due to a

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22).

nose fracture. The referee awarded Claimant twenty-six weeks compensation at $195.70 per week. Petitioner appealed to the Board which, after oral argument, affirmed the referee. A timely appeal was subsequently perfected to this Court.

A claimant who seeks to set aside a final receipt has the burden to prove conclusively that all disability due to the accident has not in fact terminated. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). Moreover, in order to receive an award pursuant to Section 306(c)(22) of the Act, a claimant must establish that his disfigurement 1) is serious and permanent, 2) results in an unsightly appearance and 3) is not usually incident to his employment. *East Coast Shows v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 312, 390 A.2d 323 (1978). Where, as here, the party with the burden of proof has prevailed before the compensation authorities, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or findings of fact were not supported by substantial evidence. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980).

Petitioner's first contention in this appeal is that the referee's finding of serious and permanent disfigurement is not supported by substantial evidence. The issue of the seriousness of a disfigurement is one of fact for the referee to determine upon a view of the Claimant. *Sun Shipbuilding and Dry Dock Co. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 302, 398 A.2d 1111 (1979), *aff'd,* 447 U.S. 715 (1980). Since the referee has viewed Claimant in this case, we cannot disturb his conclusion that Claimant's disfigurement is serious.

With regard to the permanence of the disfigurement, Petitioner points to the lack of medical evidence in support of the referee's finding. It is true, as a general rule, that competent medical evidence is necessary to support a fact finding that disfigurement is permanent. *East Coast Shows.* We have held in the past, however, that medical evidence is not necessary to support a finding of permanence where circumstances permit the fact-finder to determine from his own observations whether the disfigurement is permanent. Thus, in *Industrial Casting Co. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 172, 384 A.2d 1384 (1978) we concluded that the fact-finder after viewing a scar could properly determine that it was permanent when the Claimant's last operation occurred approximately twenty months before the hearing. Similarly, in *East Coast Shows* we found that it was reasonable for the fact-finder to assume that a one-year-old scar was permanent.[2]

In the instant case, the medical evidence, in the form of medical reports, establishes that Claimant indeed suffered a fractured nose and multiple contusions and abrasions of the face, forehead and scalp. None of the reports, however, specifically address the permanence of the scarring and disfigured nose alleged by Claimant.[3] Since the referee in the case be-

---

[2] While both *Industrial Casting Co.* and *East Coast Shows* have been effected by our Supreme Court's decision in *McGartland v. Ampco-Pittsburgh Corp.,* 489 Pa. 205, 413 A.2d 1086 (1980), discussed *infra,* we believe the legal proposition for which they are cited in this opinion has continued vitality.

[3] In fact, one medical report introduced by Petitioner indicates that, as of March 24, 1978, the physician believed that Claimant's injury would not result in facial or head disfigurement. We do not think that this portion of the report, however, is necessarily in contradiction with the referee's finding of permanent disfigurement made after he had the opportunity to view Claimant approximately one year *after* the physician's report was filed.

fore us had an opportunity to view the Claimant more than fourteen months after his accident, however, we believe that medical evidence was not necessary to support his finding of permanence. We believe the type of disfigurement alleged, and the length of time between the accident and the referee's view permitted the referee himself to determine whether the disfigurement was permanent. *Cf. Workmen's Compensation Appeal Board v. Pizzo*, 21 Pa. Commonwealth Ct. 370, 346 A.2d 588 (1975) (referee could not properly take judicial notice of the permanence of an eye injury resulting in closing of right eyelid and squinting).

Petitioner points to the fact that there is no formal record of what transpired at a hearing held on July 12, 1978, at which time the referee apparently examined Claimant's alleged disfigurement,[4] to support its contention that the record contains no adequate description of the disfigurement. We believe Claimant's testimony at the March 20, 1979 hearing, however, provides an adequate description in support of the referee's findings.

Petitioner next argues that the referee erred in awarding compensation benefits for twenty-six weeks in this case since the award was based in part on written medical reports. Petitioner requests that, should

---

We are also constrained to note that the reproduced record filed in this case contains several medical reports and correspondence between counsel which we are unable to locate in the original record. Of course any effort at this stage of the proceedings to expand the record is ineffective.

[4] With regard to his prior examination of Claimant, the referee stated at a hearing held on March 20, 1979 that

[Claimant] mentioned facial scars and disfigurement. He indicated to me the last time that he was here, that he had spotting on the site [sic] of his nose, that he had a bent nose, and that he had a scar across the top of his head. I evaluated those.

we decide to affirm the order of the Board, the award be reduced from twenty-six to twenty-five weeks of compensation benefits. In support of this request, Petitioner cites Section 422 of the Act, 77 P.S. §835 which provides in pertinent part:

Where any claim for compensation at issue before a referee involves twenty-five weeks or less of disability, either the employe or the employer may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of the condition . . . and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.

We have held that this language evidences the General Assembly's intent to *exclude* physicians' certificates in claims, as here, involving more than twenty-five weeks of disability. Such certificates need only be excluded, however, when the party opposing their admission makes an objection. *D. L. Clark Co. v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 535, 411 A.2d 1269 (1980); *Young v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 265, 395 A.2d 317 (1978). Since the record does not include any objection made by Petitioner to the admission of Claimant's medical report in this case, the objection has been waived.[5]

Petitioner next contends that the Board incorrectly limited its scope of review by disregarding its own view of Claimant at oral argument. Petitioner's ar-

---

[5] We note that Petitioner also introduced a medical report prepared by the same physician, and containing some of the same information, as the report submitted by Claimant. Thus, even if Petitioner had properly objected to Claimants medical report, the medical report introduced by Petitioner would remain a part of the record.

gument on this point is clearly without merit. Our Supreme Court in *McGartland v. Ampco-Pittsburgh Corp.*, 489 Pa. 205, 413 A.2d 1086 (1980) held that the general rule, that the Board cannot take additional evidence and substitute its own fact findings for those of the referee where the referee's findings are supported by competent evidence, applies to cases involving loss of use. We have since interpreted *McGartland* to apply to disfigurement cases, as well. *United States Steel Corp.* The Board in the instant case correctly interpreted its scope of review and implicitly concluded that the referee's determination was based on substantial competent evidence. Thus, under *McGartland* the Board could not take additional evidence by viewing the Claimant itself.

Petitioner's final argument relates to the Board's denial of its petition for a rehearing by order dated April 20, 1981. Since no appeal has been taken from that order of the Board, we cannot undertake a review thereof.

We, accordingly, will affirm the order of the Board.

ORDER

It is ordered that the order of the Workmen's Compensation Board of Appeal, dated February 13, 1981, No. A-79784 is hereby affirmed.

Judge MENCER did not participate in the decision in this case.